IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30771
Summary Calendar
_____

GEORGE HUNTER, III,

Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Western District of Louisiana
USDC No. 97-CV-882
_____
April 30, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

George Hunter, III, Louisiana prisoner No. 115233, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. Hunter's motion for appointment of counsel is DENIED. Hunter argues that the district court erred in dismissing his claims as barred by the one-year statute of limitations set forth in 28 U.S.C. §§ 2244(d)(1). Because Hunter is deemed to have filed his § 2254 petition on April 23, 1997, within one year of the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), his petition was timely.  See United States v. Flores, 135 F.3d 1000 (5th Cir. 1998) 1998 WL 65319 at *3-4 (holding that there is a one-year grace period for imposing the analogous limitations period for filing 28 U.S.C. § 2255 motions enacted by the AEDPA); see also Hernandez v. Aldridge, 902 F.2d 386, 388 (5th Cir. 1990). The district court's judgment dismissing Hunter's section 2254 petition as time-barred is VACATED, and the case is REMANDED for further proceedings.

APPOINTMENT OF COUNSEL DENIED; VACATED and REMANDED.